**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THAN MIN, | Case No. CV 25-10971-MEMF (AS) |
| Petitioner, | **ORDER ACCEPTING FINDINGS,** |
| v. | **CONCLUSIONS AND** |
| ERNESTO SANTACRUZ Jr., et. al., | **RECOMMENDATIONS OF UNITED** |
| | **STATES MAGISTRTE JUDGE** |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge to which no objections were filed. Accordingly, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

**IT IS ORDERED** that Judgment be entered (1) GRANTING the Petition; and (2) enjoining and restraining Respondents from re-detaining Petitioner without compliance with 8 C.F.R. §

241.4(1)(1) and § 241.13 (i). Respondents shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing.[1]

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondents.

DATED: April 22, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE

---

[1] Restraints not shared by members of the public renders an individual in custody within the meaning of 28 U.S.C. § 2241. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345, 351 (1973) (holding that a person is in custody if the person "is subject to restraints 'not shared by the public generally'" and the person's "freedom of movement rests in the hands of state judicial officers"); *Jones v. Cunningham*, 371 U.S. 236, 238-39 (1963) (finding that the "chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail. Yet English courts have long recognized the writ as a proper remedy even though the restraint is something less than close physical confinement"). As such, prospective release restrictions, such as electronic monitoring constitute liberty constraints which do not afford petitioners complete relief.